IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRIAN PITTS, | |
| Plaintiff, | Civil Action No. |
| v. | |
| HP PELZER AUTOMOTIVE SYSTEMS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Brian Pitts ("Plaintiff") and files this Complaint against Defendant HP Pelzer Automotive Systems, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

With this action, Plaintiff brings discrimination and retaliation claims for damages pursuant to 42 U.S.C. § 1981.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Michigan corporation that is licensed to and does conduct business in this jurisdiction.

5.

Defendant is subject to specific jurisdiction in this Court.

6.

A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III. Parties and Facts

7.

Plaintiff is a resident of the State of Georgia.

8.

Plaintiff was hired by Defendant as a raw materials supervisor on July 11, 2016.

9.

Plaintiff was subsequently promoted to a logistics supervisor position.

10.

On November 8, 2017, after Plaintiff was not provided a compensation increase for his promotion, Plaintiff complained via e-mail about race discrimination to, among others, Lynn Schnepp in Defendant's Human Resources Department. In particular, Plaintiff complained, *inter alia*, that only non-minority employees, including non-African-American employees were receiving compensation raises and that Plaintiff had been unjustly denied a compensation raise for his promotion. Plaintiff also complained that minority employees such as non-African-American employees were being singled out for unmerited terminations.

11.

On November 10, 2017, Defendant terminated Plaintiff's employment and claimed his position had been eliminated.

12.

Defendant's alleged reason for Plaintiff's termination is pretext for unlawful discrimination against Plaintiff because of his race, and retaliation against Plaintiff due to Plaintiff engaging in protected activity under 42 U.S.C. § 1981.

13.

Plaintiff has suffered lost wages and other pecuniary and non-pecuniary losses, including emotional distress because of Defendant's unlawful discrimination and retaliation.

## Count I

## 42 U.S.C. § 1981 Race Discrimination

14.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

15.

Plaintiff is African American and black in color.

16.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

17.

Plaintiff performed his contractual obligations.

18.

42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race or color with regard to the making and enforcing of employment with Defendant.

19.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 by subjecting him to adverse employment actions, because of his race, which materially affected the terms and conditions of Plaintiff's employment.

20.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race and/or color in violation of 42 U.S.C. § 1981.

21.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected race class is pretext for unlawful discrimination.

22.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

24.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

25.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## COUNT II

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

26.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

27.

Plaintiff's complaints and opposition to race discrimination constitute protected activity under 42 U.S.C. § 1981.

28.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

29.

There was a causal connection between the protected conduct and the adverse action of termination.

30.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

31.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

32.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a)   Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorneys' fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)      All other relief to which he may be entitled.

Respectfully submitted,

This 15th day of January 2018.

                            **BARRETT & FARAHANY**

                            /s/ V. Severin Roberts
                            V. Severin Roberts
                            Georgia Bar No. 940504
                            Attorney for Brian Pitts

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com