IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRIAN PITTS,

    Plaintiff,

v.        CV 118-012

HP PELZER AUTOMOTIVE SYSTEMS,
INC.,

    Defendant.

**O R D E R**

Before the Court is Defendant's request for oral argument.[1] (Doc. 17.) The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's request and will hold a telephonic hearing on **March 19, 2019, at 2:00 PM EST**, limited to the topics set forth herein.

**I. BACKGROUND**

Defendant affixed two evidentiary exhibits to its reply brief supporting its motion for summary judgment. (Docs. 30-3, 30-4.) One of the exhibits is a pair of emails exchanged between Ginelda Lyons and Lynn Schnepp ("November 7th Email"). (Doc. 30-4.) Plaintiff, complaining that he first saw the document as an exhibit

---

[1] Defendant requests oral argument in conjunction with its motion for summary judgment. (Doc. 17.) Here, the Court only addresses the issue of oral argument.

to Defendant's reply brief, filed his motion to strike pursuant to Federal Rule of Civil Procedure 37. (Doc. 32.)

Plaintiff argues that in light of Defendant's failure to disclose the November 7th Email in response to Plaintiff's discovery requests and considering the omission was neither substantially justified nor harmless, the Court should prohibit Defendant's use of the document to support summary judgment or at trial. (Pl.'s Mot. to Strike Exs. 2 & 3, Doc. 32, at 4-7.) Defendant responds by claiming its failure to produce the November 7th Email was harmless because it was an honest mistake and Plaintiff was aware of the November 7th Email's contents from other evidence in the record. (Def.'s Resp. to Pl.'s Mot. to Strike Exs. 2 & 3, Doc. 35, at 7-11.) After reviewing the briefing, the Court finds that a hearing is warranted to discuss several issues.

## II. HEARING

Plaintiff did not file a sur-reply after Defendant's reply brief disclosed the November 7th Email. As the Court is yet to reach a decision regarding whether to allow or exclude the November 7th Email, the Court will first provide Plaintiff the opportunity to offer arguments regarding whether, if the new evidence is allowed, he can survive summary judgment as to his retaliation claim only. Defendant should be prepared to respond as needed. The Parties shall not discuss any other issues related to

Defendant's arguments for, or Plaintiff's arguments against, summary judgment.

Second, Rule 37(c)(1) instructs:

> If a party fails to provide information . . . as required by Rule 26 . . . (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions . . . .

The Court acknowledges Plaintiff's request to exclude the November 7th Email from consideration at summary judgment and at trial. Should the Court determine that Defendant's omission of the November 7th Email during discovery is sanctionable under Rule 37(c), the Court requests further discussion as to the appropriate sanction(s).

Third, Plaintiff asserts that if the November 7th Email had been disclosed at the proper time, he would have performed discovery related to that document. (Pl.'s Mot. to Strike Exs. 2 & 3, at 4-5.) The Court, therefore, requests further discussion regarding the limited discovery Plaintiff anticipates needing to properly investigate the facts surrounding the email should the Court decide to open discovery.

Fourth, the Court will hear Plaintiff's evidentiary objections, to the extent Plaintiff has any at this time, to the

3

November 7th Email. Defendant should be prepared to respond as needed.

Fifth, the Court requests evidence of Plaintiff's expenses and attorneys' fees related to preparing and filing its motion to strike and reply brief in support. Plaintiff is to submit to Defendant and the Court evidence related to the aforementioned attorneys' fees and costs at least **SEVEN (7) DAYS** prior to the hearing. Any discussion related to the evidence of attorneys' fees and expenses will be heard at the hearing.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of February, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4