IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRIAN PITTS,                          *
                                      *
        Plaintiff,                    *
                                      *
        v.                            *        CV 118-012
                                      *
HP PELZER AUTOMOTIVE SYSTEMS,         *
INC.,                                 *
                                      *
        Defendant.                    *

---

**O R D E R**

---

Before the Court is Plaintiff's motion to strike. (Doc. 32.)
For the following reasons, Plaintiff's motion is **GRANTED IN PART**,
**DENIED IN PART**, and the Court **RESERVES JUDGMENT IN PART**.

## I. BACKGROUND

The present action arises from Defendant's termination of
Plaintiff's employment. (See Compl., Doc. 1.) Plaintiff alleges
Defendant terminated him based on his race and in retaliation for
highlighting Defendant's practice of discrimination in
compensation and termination. (Id. ¶¶ 10-11, 14-32.) Plaintiff
raised his concerns with Defendant on November 8, 2017, and was
terminated on November 10, 2017. (Pitts Formal Compl., Doc. 18-
17; Brian Pitts Dep., Doc. 29, at 98:24-99:1.)

## A. Defendant's Motion for Summary Judgment

Defendant moved for summary judgment as to both the discrimination and retaliation claims, and the motion is currently pending. (Mot. for Summ. J., Doc. 17.) In his response to Defendant's motion for summary judgment, Plaintiff argued the close proximity between his protected conduct and the adverse employment action created an issue of fact as to the "causal connection" requirement of his retaliation claim. (Resp. to Mot. for Summ. J., Doc. 25, at 27-28.) Plaintiff's argument continued that because he presented sufficient evidence as to the "causal connection" requirement — along with the other requirements to establish a prima facie case for retaliation — he survived summary judgment as to that claim. (Id. at 21, 29.)

Defendant filed its reply brief affixing two evidentiary exhibits in support. (Docs. 30, 30-3, 30-4.) The first attachment purports to show forecasted versus realized monetary production figures at Defendant's Thomson, Georgia plant ("Thomson Plant") through December 2017. ("Sales Chart," Doc. 30-3.) Defendant argues that it is entitled to summary judgment as to Plaintiff's racial discrimination claim because Plaintiff fails to show pretext as a matter of law. (Br. Supp. Mot. for Summ. J., Doc. 18, at 21-22; Reply Br. Supp. Mot. for Summ. J., Doc. 30, at 6-7.) Defendant offers the Sales Chart in support of its position

that it legitimately terminated Plaintiff as part of a larger reduction in force. (Reply Br. Supp. Mot. for Summ. J., at 6–7.)

Defendant claims that the second attachment is an exchange of emails between Lynn Schnepp, Defendant's Regional Director of Human Resources, and Ginelda Lyons, Defendant's Human Resources Manager at the Thomson Plant. ("November 7, 2017 Emails," Doc. 30-4.) Defendant offers the November 7, 2017 Emails as evidence that Defendant decided to terminate Plaintiff on November 7, 2017, prior to his alleged protected conduct on November 8, 2017, in an effort to defeat the alleged causal connection between Plaintiff's protected conduct and his termination. (Reply Br. Supp. Mot. for Summ. J., at 7–8.) Plaintiff failed to file a sur-reply to Defendant's motion for summary judgment. As an alternative, Plaintiff filed his Motion to Strike Exhibits 2 & 3 to Defendant's Summary Judgment Reply ("Motion to Strike").[1] (Doc. 32.)

## B. Motion to Strike

Plaintiff first saw the Sales Chart and November 7, 2017 Emails attached to Defendant's reply brief. (Mot. to Strike, Doc. 32, at 1–4.) Defendant does not contest whether its omission of the documents during discovery violates Federal Rule of Civil Procedure 26. (See Resp. to Mot. to Strike, Doc. 35, at 2–6.)

---

[1] Plaintiff initially moved to strike the exhibits. (Doc. 32.) "Upon realizing that a Motion to Strike may not be the correct vehicle for excluding exhibits, Plaintiff re-filed the same content as a Notice of Objections. [Doc. 34]." (Reply Br. Supp. Mot. to Strike, Doc. 40, at 1 n.1.) The Court refers to Plaintiff's filing as a "Motion to Strike" for the sake of convenience.

Instead, Defendant contends that its failure to disclose the November 7, 2017 Emails was harmless and its failure to disclose the Sales Chart was substantially justified and harmless. (Id. at 6-12.) Plaintiff disagrees and further asserts Rule 37 requires the Court to exclude the documents. (Mot. to Strike, at 4-9.)

To discuss unaddressed issues,[2] the Court held a telephonic hearing on March 26, 2019. (Clerk's Minutes, Doc. 46.) In reaching the conclusions contained herein, the Court has considered the Parties' arguments in the hearing and the relevant briefing.

## II. DISCUSSION

Plaintiff asserts exclusion is proper because exclusion is automatic and mandatory under Rule 37. Therefore, Plaintiff continues, the Court is prohibited from awarding lesser sanctions instead of exclusion.

### A. Motion to Strike

As an initial matter, the Court addresses the procedural correctness of Plaintiff's Motion to Strike. After initially filing the Motion to Strike, Plaintiff refiled the motion to strike as a Notice of Objection to Exhibits 2 & 3 to Defendant's Summary Judgment Reply ("Notice of Objection"). (Doc. 34.) Plaintiff

---

[2] The Court highlighted issues for the Parties in its Order dated February 25, 2019. (Doc. 41.)

4

explains that he refiled the motion because a motion to strike is not the proper vehicle to exclude the exhibits to Defendant's reply brief. (Notice of Objection, Doc. 34, at 1 n.1.) Plaintiff is correct that a motion to strike is not the proper vehicle here.

Pursuant to Federal Rule of Civil Procedure 12(f), governing motions to strike, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." For purposes of Plaintiff's motion, the operative word is "pleading." "Pleadings" are a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer. FED. R. CIV. P. 7(a). "Pleading" does not encompass a motion for summary judgment. Polite v. Dougherty Cty. Sch. Sys., 314 F. App'x 180, 184 n.7 (11th Cir. 2008) (per curiam); see also Addison v. Ingles Mkts., Inc., No. 3:11-CV-3 (CAR), 2012 WL 3600844, at *1 (M.D. Ga. Aug. 21, 2012) ("[A] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence" and "there is no need to make a separate motion to strike.") (emphasis in original) (quoting FED. R. CIV. P. 56(c)(2); id., advisory committee's notes (2010)).

Plaintiff attempts to correct the procedural defect in his Notice of Objection. (Doc. 34.) It appears Plaintiff asks that the Court treat the motion as an evidentiary objection. See

Addison, 2012 WL 3600844, at *2.  But Plaintiff raises no evidentiary objections to the November 7, 2017 Emails.  In actuality, Plaintiff seeks the exclusion sanction available under Rule 37.  Therefore, Plaintiff's motion to strike is properly construed as a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1).  See Almond v. City of Canton, No. 1:05-CV-02748-CAP/AJB, 2006 WL 8432780, at *1-2 (N.D. Ga. Dec. 5, 2006).

## B. Federal Rule of Civil Procedure 37

Plaintiff relies on Federal Rule of Civil Procedure 37(c)(1) as the authority demanding the Court exclude the disputed evidence:

> If a party fails to provide information . . . as required by Rule 26 . . . (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions . . . .

The Parties do not dispute that Rule 26(e) obligated Defendant to supplement its document production with the Sales Chart and November 7, 2017 Emails.  Therefore, the first question under Rule 37(c)(1) is whether Defendant's omissions were substantially justified or harmless.

### 1. Substantial Justification and Harmlessness

Under Rule 37(c)(1), sanctions are required if the nondisclosing party's failure was substantially justified or

6

harmless. "An individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" In re Delta/AirTran Baggage Fee Antitrust Litig., 846 F. Supp. 2d 1335, 1358 (N.D. Ga. Feb. 3, 2012) (quoting Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993)). On the other hand, a discovery mistake is harmless "if it is honest[] and is coupled with the other party having sufficient knowledge that the material has not been produced." Id. (quoting Go Med. Indus. Pty, Ltd. v. Inmed Corp., 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003)). Whether the opposing party suffered prejudice underlies the harmlessness determination. See Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 683 (M.D. Fla. 2010). The nondisclosing party bears "[t]he burden of establishing that a failure to disclose was substantially justified or harmless." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) (quoting Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006)). At the same time, "[t]he district court has broad discretion in determining whether a violation is justified or harmless" under Rule 37. Abdulla v. Klosinski, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citation omitted).

a. *November 7, 2017 Emails*

As for the November 7, 2017 Emails, Defendant argues that its failure to locate and produce the evidence was harmless. Defendant claims that its discovery blunder was an honest mistake and it utilized search terms gathered from Plaintiff's discovery requests. (Resp. to Mot. to Strike, at 4.) The Court finds no evidence that Defendant intentionally harbored the November 7, 2017 Emails.[3] Moreover, the Court cannot comprehend a reason why Defendant would consider concealing evidence so advantageous to its defense.[4] Therefore, the first portion of the harmlessness test, an honest mistake, is met.

The Court, however, reaches a different conclusion as to the second prong. Defendant claims that Ms. Schnepp's testimony sufficiently informed Plaintiff of Defendant's position that it planned to terminate Plaintiff before November 8, 2017.[5] Whether

---

[3] The Court must note that the November 7, 2017 Emails contain Plaintiff's name. Had Defendant searched its emails for Plaintiff's name, the November 7, 2017 Emails should have been uncovered. Nevertheless, although Defendant may have been negligent in searching its files for responsive documents, the record indicates the mistake was honest.

[4] Plaintiff conceded in the telephonic hearing that the November 7, 2017 Emails defeat his claim for retaliation at summary judgment. As Defendant argues, it had no reason to conceal the November 7, 2017 Emails for some type of ambush.

[5] In her deposition, Ms. Schnepp testified that Defendant finalized Plaintiff's inclusion in the reduction in force prior to his complaint regarding company-wide discrimination:

> Q    What I mean by this is, how did you know — so when you spoke with Mr. Myers after you got this and said you were not going to take any action on it, how did you — what was the basis for your apparent knowledge that Mr. Pitts was going to be terminated within the next week?
> A    We had had conversations that they had come to the final conclusion, I don't know the date, but multiple conversations were had, and that they were going to conduct the headcount reduction by the end of that week.

Plaintiff had knowledge of Defendant's position is not the inquiry under Rule 37. The question is whether Plaintiff possessed knowledge that the information had not been produced. The difference between knowledge of a party's position and actual knowledge of the omitted information is essential for the purposes of discovery. When a requesting party is aware of the withheld information, the requesting party may pursue the information through other avenues, such as a motion to compel. See Two Men & a Truck Int'l, Inc. v. Residential & Commercial Transp. Co., No. 4:08cv67-WS/WCS, 2008 WL 5235115, at *2 (N.D. Fla. Oct. 20, 2008). However, the party cannot pursue information if it is entirely unaware the information exists. The willful exchange of information is the nucleus of discovery, and trust that opposing parties will disclose relevant information is essential. See In re E.I. du Pont de Nemours & Co., 918 F. Supp. 1524, 1542 (M.D. Ga. 1995) ("The obvious and overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in

---

Q    Okay. Could it have happened after November the 8th that the discussion occurred?
A    No. I believe it happened before, but I don't know the exact date.
Q    Could it have happened after November the 8th?
A    No.
Q    Could not have?
A    No, it could not have because at the time I received [Plaintiff's internal complaint of discrimination,] I was aware that Mr. Pitts would be being let go by the end of the week.
(Lynn Schnepp Dep., Doc. 28, at 9:19-10:15.)

any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result."), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

Considering the above, the Court concludes that Defendant's failure to disclose the November 7, 2017 Emails was not harmless because Plaintiff lacked sufficient knowledge the emails existed. In fact, the record shows that Plaintiff was led to believe no such emails existed, and Plaintiff opposed summary judgment relying on this belief. (See Resp. to Mot. for Summ. J., at 20.) In her deposition, when Plaintiff's counsel asked Ms. Schnepp if an email like the November 7, 2017 Emails existed, she responded: "If I had anything I would have turned it over with the discovery, but I don't believe there's anything that exists that confirms him by name." (Lynn Schnepp Dep., Doc. 28, at 11:16–18.) Further, Defendant supplemented its document production but failed to include the November 7, 2017 Emails. (Def.'s First Suppl. Disc. Resps., Doc. 35-3, ¶ 13.) Through this series of discovery responses, Defendant led Plaintiff to reasonably believe that no email evidenced Defendant's intent to terminate Plaintiff prior to November 8, 2017.

Ms. Schnepp explained that upon reviewing Plaintiff's opposition to Defendant's motion for summary judgment, she performed alternative searches for emails expressing Defendant's intent to terminate Plaintiff. (Lynn Schnepp Aff., Doc. 35-6,

¶ 7.) After searching the email archives for "severance," Ms. Schnepp eventually uncovered the November 7, 2017 Emails. (Id. ¶ 9.) Ms. Schnepp does not explain why Plaintiff's opposition brief, but not the direct question in her deposition, encouraged her to perform additional searches.

Plaintiff also shows that the late discovery resulted in prejudice. The improper disclosure of requested documents after the close of discovery generally results in prejudice to the opposing party. See Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 369 (M.D. Ala. 2001) ("Plaintiff was prejudiced by having to spend additional time and resources, at the eleventh hour, analyzing and responding to . . . 'highly relevant and crucial' material.") After he first saw the November 7, 2017 Emails, Plaintiff had to expend time and resources filing the present motion, resulting in prejudice.

Plaintiff reasonably relied on Defendant's discovery responses and concluded that no documents showed Defendant's intent to terminate Plaintiff prior to November 8, 2017. Because Plaintiff lacked sufficient knowledge of the November 7, 2017 Emails, Defendant's failure to provide the requested document was not harmless. Pursuant to Rule 37, Defendant's discovery lapse is subject to sanctions.

b. *Sales Chart*

Plaintiff also moves to exclude the Sales Chart for Defendant's failure to disclose the document. Defendant contends its omission of the Sales Chart in discovery responses was substantially justified and harmless. Plaintiff's reply supporting its motion to strike appears to abandon its argument that the Sales Chart should be excluded because it fails to address Defendant's arguments raised in opposition. See Sidell v. MedMark Servs. Inc., No. 2:16-cv-176-RWS, 2017 WL 6994574, at *9 (N.D. Ga. Aug. 3, 2017) (noting that party arguably abandoned argument when it failed to rebut opposing party's contentions in reply brief). Regardless, Defendant's failure to produce the Sales Chart was substantially justified and harmless.

Defendant represents that it produced the Sales Chart after its creation. Plaintiff does not dispute this point. Additionally, the Sales Chart summarizes actual versus forecasted sales at the Thomson Plant through December 2017. Plaintiff filed the present case on January 16, 2018, and the Parties were conducting discovery into the Summer of 2018. Plaintiff had sufficient time to discover all information contained in the Sales Chart. Accordingly, Defendant's failure to disclose the summary

Sales Chart was substantially justified and harmless,[6] and the Court denies Plaintiff's request for sanctions as to that evidence.

## 2. Sanctions Pursuant to Rule 37(c)(1)

Because Defendant's omission of the Sales Chart during discovery was substantially justified and harmless, the Court need only evaluate the sanction aspect of Rule 37(c)(1) in relation to the tardy disclosure of the November 7, 2017 Emails. Interpreting Rule 37(c)(1), Plaintiff advances two related but distinct arguments. First, Plaintiff contends that exclusion under Rule 37(c)(1) is automatic. Plaintiff seems to argue that upon concluding Defendant's dilatory disclosure violated Rule 26(e), absent substantial justification or harmlessness, the Court lacks discretion to consider the November 7, 2017 Emails. (Mot. to Strike, at 6; Reply Br. Supp. Mot. to Strike, Doc. 40, at 12-13.)

Second, although not expressly stated in its briefing, Plaintiff argued in the telephonic hearing that Rule 37(c)(1) prevents a Court from awarding other sanctions enumerated in the subsection in lieu of exclusion absent a party's request for alternative sanctions. Thus, Plaintiff advances the argument that because Plaintiff has not requested sanctions other than

---

[6] The Court does not conclude that a party may withhold information during discovery and then produce the information in summary form after the close of discovery. If a party has appropriately responded to discovery requests and subsequently creates a chart from evidence satisfying all evidentiary requirements, the party may use that document. Here, Plaintiff does not make any objections regarding the admissibility of the Sales Chart other than its delayed production.

exclusion, the Court may only exclude the contested emails absent substantial justification or harmlessness. The Court finds neither argument persuasive.

a. *"Automatic"* Exclusion

Plaintiff is correct that the sanction of exclusion is "self-executing" and "automatic." FED. R. CIV. P. 37(c)(1), advisory committee's notes (1993). Yet, the Court found inconsistent answers as to whether absence of substantial justification and harmlessness automatically results in exclusion. Circuit Courts having considered the issue are split.[7] The Eleventh Circuit does not appear to have directly addressed the issue but has previously stated the district courts possess discretion regarding excluding evidence under Rule 37(c)(1): "The district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion." Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004); see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless

---

[7] Compare Hicks v. Avery Drei, LLC, 654 F.3d 739, 745 (7th Cir. 2011) (not automatic); Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006) (same); Roberts ex rel. Johnson v. Galen of Va., Inc., 325 F.3d 776, 783-84 (6th Cir. 2003) (same), with Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 707 (8th Cir. 2018) (automatic absent substantial justification or harmlessness); Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011) (same); Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011) (same), and Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20-21 (1st Cir. 2001) ("near automatic exclusion").

the failure is substantially justified or is harmless.") (emphasis omitted); Bearint ex rel. Bearint v. Dorel Juvenile Grp., Inc., 389 F.3d 1339, 1348 (11th Cir. 2004) ("Fed. R. Civ. P. 37(c)(1) gives district courts discretion to exclude untimely submissions."). District courts within the Eleventh Circuit are also split; not only by district, but within districts.[8]

At first glance, Plaintiff's interpretation of Rule 37(c)(1)'s initial sentence appears correct. "The primary principle of statutory construction requires courts to give effect to the plain meaning of the words used 'in their ordinary and usual sense.'" Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194-95 (11th Cir. 2008) (quoting Caminetti v. United States, 242 U.S. 470, 485-86 (1917)). Rule 37(c)(1)'s first sentence

---

[8] Compare Braggs v. Dunn, No. 2:14cv601-MHT, 2017 WL 659169, at *9 (M.D. Ala. Feb. 17, 2017)(not automatic); In re Delta/AirTran Baggage Fee Antitrust Litig., 2015 WL 4635729, at *16 (N.D. Ga. Aug. 3, 2015) (same); Collins v. United States, No. 3:08-cv-923-J-32JRK, 2010 WL 4643279, at *5 n.7 (M.D. Fla. Nov. 9, 2010) (same); Rhodes v. Davis, No. 08-0523-CG-C, 2010 WL 4260048, at *4 (S.D. Ala. Oct. 25, 2010) (same); Clarke v. Schofield, No. 5:06-CV-403 (CAR), 2009 WL 10674468, at *2 (M.D. Ga. Mar. 30, 2009) (same); Vaughn v. United States, 542 F. Supp. 2d 1331, 1337-38 (S.D. Ga. 2008) (same), and Alfaro v. Briggs & Stratton Corp., No. 6:05-cv-1639-Orl-28DAB, 2007 WL 9723123, at *3 (M.D. Fla. Oct. 16, 2007) (concluding sanctions under Rule 37(c)(1) are automatic but court has discretion to fashion appropriate sanction under the Rule), with Kantor v. Corizon LLC, No. 3:16-cv-449-RV-GRJ, 2018 WL 1702056, at *1 (N.D. Fla. Apr. 6, 2018) (automatic absent substantial justification or harmlessness); Fuller v. Winn-Dixie Montgomery, LLC, No. 16-00363-KD-M, 2017 WL 3098104, at *2 (S.D. Ala. July 19, 2017) (same); Timber Pines Plaza, LLC v. Kinsale Ins. Co., 192 F. Supp. 3d 1287, 1291 (M.D. Fla 2016) (same); Leaks v. Target Corp., No. CV414-106, 2015 WL 4092450, at *4 (S.D. Ga. July 6, 2015) (same); Young v. Lexington Ins. Co., 269 F.R.D. 692, 693 (S.D. Fla. 2010) (same); DePaola v. Nissan N. Am., Inc., No. 1:04CV267, 2008 WL 808615, at *3 (M.D. Ala. Mar. 24, 2008) (same); Gottstein v. Flying J, Inc., No. CV 00-BU-3252-S, 2001 WL 36102290, at *3 (N.D. Ala. Sept. 27, 2001) (same).

plainly states that absent substantial justification or harmlessness, a party is not permitted to use violating evidence in support of a motion. However, the Court is mindful that "[t]he [Supreme] Court has often said that every clause and word of a statute should, if possible, be given effect." Chickasaw Nation v. United States, 534 U.S. 84, 93 (2001) (citations and internal quotation marks omitted). Rule 37(c)(1) continues to give the Court discretion to award alternative sanctions "instead of" exclusion. Therefore, although exclusion may be "self-executing" and "automatic" as in the sanction may be awarded without a motion, exclusion is not "automatic" in the sense that the Court is required to exclude the evidence absent substantial justification or harmlessness. See FED. R. CIV. P. 37, advisory committee's notes (1993) ("The revision provides a self-executing sanction for failure to make a disclosure . . . without need for a motion [to compel]."). The Court's interpretation gives full meaning to Rule 37(c)(1).

Additionally, the Eleventh Circuit reviews district court determinations under Rule 37(c)(1) for abuse of discretion. Hearn v. McKay, 603 F.3d 897, 903 (11th Cir. 2010); Pete's Towing Co. v. City of Tampa, 378 F. App'x 917, 920 (11th Cir. 2010) (concluding district court did not abuse discretion in partially excluding one affidavit and entirely excluding another); Barron v. Fed. Reserve Bank of Atlanta, 129 F. App'x 512, 520 (11th Cir. 2005) (finding

district court did not abuse its discretion in denying request for exclusion). "Discretion means the district court has a range of choice, and that its discretion will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (citation and internal quotation marks omitted). Under Plaintiff's interpretation of Rule 37(c)(1), a district court is deprived of the discretion to determine whether exclusion is appropriate. Differences between Plaintiff's theory and Eleventh Circuit authority assigning district courts discretion to determine whether exclusion is proper cannot be reconciled.

As the Second Circuit determined, "To the extent that the Advisory Committee Note calls Rule 37(c)'s exclusion of evidence 'automatic,'[9] . . . that characterization cannot be squared with the plain language of Rule 37(c)(1) itself." Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006). The Court finds this interpretation consistent with principles set forth in the Eleventh Circuit. See In re Delta, 846 F. Supp. 2d at 1358 ("Exclusion . . . is not mandatory.") (citing Bearint, 389 F.3d at 1348); Collins v. United States, No. 3:08-cv-923-J-32JRK, 2010 WL 4643279, at 5 n.7 (M.D. Fla. Nov. 9, 2010) ("The evidentiary exclusion sanction is not necessarily 'automatic,' even in the

---

[9] The Second Circuit uses "automatic" here in the sense that the court is obligated to exclude the evidence.

absence of substantial justification and harmlessness . . . .
Eleventh Circuit authority is in accord with this interpretation
of Rule 37(c)(1).") (internal citations omitted). In sum, the
text of Rule 37(c)(1) and the limited related Eleventh Circuit
authority indicate that exclusion is not necessarily mandatory
even after finding that a party's failure to supplement discovery
was neither substantially justified nor harmless.

b. *Exclusion as Proper Sanction*

In exercising their broad discretion, courts in the Eleventh
Circuit consider a number of factors to determine whether exclusion
is proper:

> (1) the surprise to the party against whom the evidence
> would be offered; (2) the ability of that party to cure
> the surprise; (3) the extent to which allowing the
> evidence would disrupt the trial; (4) the importance of
> the evidence; and (5) the nondisclosing party's
> explanation for its failure to disclose the evidence.

Abdulla, 898 F. Supp. 2d at 1359. The Court evaluates each factor
in turn.

i. Surprise

The Court finds that Defendant disclosing the November 7,
2017 Emails in its summary judgment reply surprised Plaintiff.
Ms. Schnepp's deposition testimony led Plaintiff to believe that
had the November 7, 2017 Emails existed, they would have been
disclosed. Plaintiff accepted this statement and went as far as
arguing that the absence of any documentation supported its

opposition to Defendant's motion for summary judgment. When a party first sees evidence central to the litigation affixed to a reply in support of summary judgment, surprise is likely to follow. As such, the surprise factor favors exclusion.

## ii. Ability to Cure Surprise

The surprise here may be cured. The disclosure's timing reveals Plaintiff's need to conduct additional discovery into the authenticity of the November 7, 2017 Emails. Reopening discovery best fits the substantive harm caused by Defendant's failure to disclose the November 7, 2017 Emails sooner. See Thornton v. United States, No. CV 111-106, 2013 WL 443666, at *8 (S.D. Ga. Feb. 5, 2013); Vaughn v. United States, 542 F. Supp. 2d 1331, 1338 (S.D. Ga. 2008). Excluding the evidence awards Plaintiff a remedy in excess of the prejudice suffered. See Hicks v. Avery Drei, LLC, 654 F.3d 739, 744 (7th Cir. 2011) ("[Plaintiff's] requested remedy convinces us that the alleged prejudice arises from the evidence's power to persuade and not the timing of its disclosure. That is not a kind of 'prejudice' that warrants exclusion."). Therefore, this factor counsels against exclusion.

## iii. Trial Disruption

"[M]ost importantly, no trial date for the case ha[s] been set or [i]s imminent." OFS Fitel, LLC, 549 F.3d at 1364. Without a trial date, "there is ample time for the Court to reopen discovery" to allow Plaintiff to sufficiently evaluate the

November 7, 2017 Emails "without greatly disrupting the efficiency of the litigation." Thornton, 2013 WL 443666, at *9. Thus, the third factor also weighs against exclusion.

### iv. Importance of the Evidence

The Parties recognize the importance of the November 7, 2017 Emails. The email evidence is central to the retaliation claim. Plaintiff acknowledged in the hearing that, assuming the authenticity of the emails, Plaintiff's retaliation claim is defeated. Excluding the evidence symbolizes the Court turning a blind eye to facts at the heart of this dispute. Such an act cuts against the Court's overarching goal for resolving litigation. As often stated in the Eleventh Circuit, courts "have a strong preference for deciding cases on the merits." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014); accord Collins, 2010 WL 4643279, at *5. The gravity of the evidence directs against its exclusion.

### v. Defendant's Explanation for Failing to Disclose

As noted above, Defendant explained that it used search terms contained in Plaintiff's discovery request to search its email archives. Although Defendant likely should have performed a more thorough search, absent agreed-upon search terms, the Court does not conclude Defendant exhibited bad faith or gamesmanship. Furthermore, there is no evidence that Defendant withheld the evidence for a surprise attack.

Despite the absence of bad faith, Plaintiff correctly points out that bad faith is not a requirement of harmfulness. Nevertheless, although the Court does not consider the presence of bad faith in finding that Defendant's failure to disclose was harmful, bad faith is a consideration in determining whether the harsh sanction of exclusion is appropriate. See In re Delta, 846 F. Supp. 2d at 1358 (finding exclusion an improper sanction, in part, absent evidence that party "willfully withheld" production of documents); Collins, 2010 WL 4643279, at *5 ("Without a finding of bad faith or gamesmanship . . . , many courts are loathe to invoke the strong medicine of preclu[sion] . . . .") (citation omitted); Vaughn, 542 F. Supp. 2d at 1337-38 (fashioning alternative sanction in lieu of exclusion absent "willfulness or bad faith"). Because the Court finds no willfulness or bad faith on Defendant's part, Defendant's explanation further weighs against exclusion.

Considering the factors for exclusion, the Court finds that Defendant's oversight, though not entirely excusable, does not merit the harsh sanction of exclusion.[10] Accordingly, the Court

---

[10] Plaintiff directs the Court to Caviness v. Holland, No. CV 109-908, 2011 WL 13160390 (S.D. Ga. Mar. 17, 2011), to support his position that the November 7, 2017 Emails should be excluded and that reopening discovery is improper. Reply Br. Supp. Mot. to Strike, at 7-8.) Caviness is distinguishable from the present case on the issue of misconduct. In Caviness, despite apparent clarity that the plaintiff needed expert testimony in the area of railroad track inspection, "[p]laintiff did not disclose the expert's identity until . . . the last day of discovery." Id. at *4-6. Therefore, Caviness was not a situation where a party overlooked one document of an entire production. Instead, the plaintiff in Caviness willfully withheld the identity of its expert and participated in the

moves to Plaintiff's second argument and the issue of determining the appropriate sanction.

### c. *Alternative Sanctions*

After the Court requested discussion as to the appropriate alternative sanctions under Rule 37(c)(1), Plaintiff averred the Court may not award other sanctions expressly contained in the Rule. In support, Plaintiff cites to the language in Rule 37(c)(1) that "[i]n addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard" may award one of the enumerated sanctions. In essence, Plaintiff's position is that because no party moved for sanctions in addition to or instead of exclusion, the statutory condition for awarding alternative sanctions is not satisfied.

The Court finds limited support in the Eleventh Circuit for Plaintiff's position. In Singletary v. Stops, Inc., No 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039 (M.D. Fla. Sept. 7, 2010), in a footnote, the court concluded district courts may not consider alternative sanctions *sua sponte*. Id. at *10 n.7 ("Rule 37(c)(1) provides that the Court, 'on motion and after giving an opportunity to be heard,' may impose any of the sanctions enumerated in Rule 37(b)(2)(A) in lieu of precluding the insufficiently disclosed expert testimony. Because neither party moved for alternative

---

type of gamesmanship warranting exclusion. The plaintiff's misconduct in Caviness is, therefore, different from the type addressed here.

sanctions and because Rule 37(c)(1) does not authorize the Court to consider alternative sanctions *sua sponte*, the Court will preclude [the witness's] expert opinions . . . ."); see also Harris Corp. v. Ruckus Wireless, Inc., No. 6:11-cv-618-Orl-41KRS, 2015 WL 12830468, at *2 (M.D. Fla. July 8, 2015) (citing Singletary in dicta).

The Court finds Rule 37 permits alternative sanctions without a motion requesting precise enumerated relief. First, the majority of cases appear to interpret "on motion" to mean a motion pursuant to Rule 37(c)(1) even if the motion does not specifically request alternative sanctions. See, e.g., Collins, 2010 WL 4643279, at *5 ("Even if the Court finds that [p]laintiff's failure to produce an adequate report was neither substantially justified nor harmless, the sanction of exclusion is not mandatory. . . . However, it is apparent that some form of sanction is both necessary and appropriate pursuant to Rule 37(c)(1)(C)."); Vaughn, 542 F. Supp. 2d at 1338 (Although the harmed party only requested exclusion, the court determined it "can fashion a remedy to alleviate any harm caused by the untimely disclosure. In short, [the court] will not impose the harsh sanction of exclusion, but rather, in lieu thereof, [the court] will impose other more appropriate sanctions."); GRV Aviation, Inc. v. Hale Aircraft, Inc., No. 1:00-CV-1978-WBH, 2003 WL 25672798, at *3-4 (N.D. Ga. Jan. 31, 2003) (finding that although defendant requested exclusion and

plaintiff's conduct was neither substantially justified nor harmless, exclusion was too extreme and monetary sanctions were appropriate under the circumstances). Following this logic, the statute allows the Court to award alternative, appropriate sanctions following a motion to preclude evidence pursuant to Rule 37(c)(1).

The Court further highlights two cases exemplifying that a party need not request sanctions additional to or instead of exclusion before a court may award alternative sanctions. In Fanelli v. BMC Software, Inc., No 1:11-CV-436-LMM, 2015 WL 13122473 (N.D. Ga. Apr. 29, 2015), the nonoffending party moved for sanctions requesting that the court preclude the contested testimony and award attorney's fees for the motion. Id. at *2. The offending party did not ask the court to impose a lesser sanction; only requesting that the court deny the plaintiff's motion. Id. Although neither party asked the court to impose the sanction, "[t]he [c]ourt f[ound] a more appropriate sanction in Rule 37(c)(1)(B). That provision allows the court to 'inform the jury of the party's failure to disclose.'" Id. at *4 (citation omitted).

This point is similarly made in In re Delta, 846 F. Supp. 2d 1335. In In re Delta, the nonoffending party requested exclusion of evidence pursuant to Rule 37(c)(1) and additionally requested monetary sanctions pursuant to Rule 37(c)(1)(A). Id. at 1348.

Although the nonoffending party did not specifically request monetary sanctions in lieu of exclusion, "[t]he [c]ourt f[ound] that a more appropriate sanction [was] to require [the offending party] to pay [the nonoffending parties]' reasonable expenses and attorneys' fees caused by [the offending party]'s failure." Id. at 1358.

Fanelli and In re Delta reveal an important flaw in Plaintiff's argument that because no party requested any additional or alternative relief, the Court may not award alternative relief. In Fanelli, the nonoffending party requested exclusion and the additional sanction of payment of reasonable expenses. Yet, the court determined the appropriate sanction was to inform the jury of the offending party's failure in lieu of exclusion. The nonoffending party in In re Delta requested exclusion and, additionally, reasonable expenses. The Court awarded the nonoffending party only the reasonable expenses. These cases assert that if a nonoffending party requests additional sanctions, regardless of the additional sanction requested, the reviewing court is free to award any sanction enumerated in Rule 37(c)(1) instead of exclusion.

Plaintiff interprets the Rule to mean that if no additional sanction is requested, the Court may not award sanctions in lieu of exclusion. The Court is unable to square Plaintiff's position with In re Delta and Fanelli. Stated another way, had Plaintiff

requested exclusion and, hypothetically, reasonable expenses, according to In re Delta and Fanelli, the Court would possess the discretion to award any sanction under Rule 37(c)(1) in lieu of exclusion. But, at the same time, Plaintiff's understanding is that because he refrained from requesting relief in addition to exclusion, the Court lacks the exact same discretion to award alternative sanctions in lieu of exclusion under Rule 37. The Rule should not be read to reach such an illogical result.[11] See Tug Allie-B, Inc. v. United States, 273 F.3d 936, 948 (11th Cir. 2001).

Second, even if Plaintiff's "Motion to Strike" is not the type of "motion" contemplated in Rule 37(c)(1), the Court declared Plaintiff's "Motion to Strike" procedurally improper and interprets Plaintiff's filing as a motion for sanctions pursuant to Rule 37(c)(1). As noted above, the exclusion sanction is "automatic" and "self-executing," but not mandatory. This is especially true upon the filing of a "motion." In order to read the rule consistently, automatic means that the sanction of exclusion can be imposed without further action by a party — such as through a motion to compel or a motion pursuant to Federal Rule of Civil Procedure 37(c)(1). See Lincoln Rock, LLC v. City of

---

[11] Moreover, though Defendant did not formally move the Court to reopen discovery, Defendant did acknowledge in the hearing that it is amenable to Plaintiff conducting the necessary additional discovery related to the November 7, 2017 Emails' authenticity.

<u>Tampa</u>, No. 8:15-cv-1374-T-30JSS, 2016 WL 6138653, at *3 (M.D. Fla. Oct. 21, 2016) ("This sanction is 'self-executing' in that it may be imposed without the filing of a motion under Rule 37(a)."). Because the exclusion sanction is "self-executing," a court has the authority to impose the sanction without further action from the harmed party. Upon the filing of a motion pursuant to Federal Rule of Civil Procedure 37(c)(1), however, the Rule plainly permits an award of expenses in lieu of exclusion. Consequently, a motion filed pursuant to Federal Rule of Civil Procedure 37(c)(1), as Plaintiff's motion is construed here, satisfies the "motion" condition in the Rule regardless of the relief requested therein.

Third, Circuit Courts determining that exclusion is not mandatory have found a motion pursuant to Rule 37(c)(1) grants the analyzing court discretion to award lesser sanctions even if the nonoffending party does not request them.

> [T]he plain text of the rule provides that if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions. . . . Given that Defendants have moved to preclude [the witness]'s testimony and that the court held a telephone conference on this matter, it is not necessary to invoke Rule 37(c)(1)'s automatic sanction in order to preclude [the witness]'s testimony. Rather, Rule 37(c)(1) provides that 'in addition to or in lieu of the automatic sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.' The [c]ourt precludes [the witness]'s testimony in an exercise of this discretion. This is a correct statement of the Rule and of the court's discretion in applying it.

27

Design Strategy, 469 F.3d at 298 (internal citation omitted); accord Hicks, 654 F.3d at 745 (On review of the district court's decision to award sanctions in lieu of the party's requested relief of exclusion: "The district court responded appropriately to the [offending parties]' delay by ordering the [offending parties] to pay a portion of [the nonoffending party]'s attorney's fees and by informing the jury of the allegedly late disclosure . . . . [The district court] could have excluded the additional . . . evidence, but [the nonoffending party] offers no convincing reason why the alternative sanctions chosen by the district court were not sufficient remedies . . . ."); Roberts ex rel. Johnson v. Galen of Va., Inc., 325 F.3d 776, 783-84 (6th Cir. 2003) ("[Plaintiff] intimates in her brief that the only appropriate sanction for [defendant]'s alleged violations is the total exclusion of [the witness]'s testimony. Rule 37(c)(1), however, provides several remedies to a district judge who is faced with violations of the mandatory-disclosure provisions of Rule 26."). Plaintiff made a motion pursuant to Rule 37(c)(1). The Court ordered a hearing for March 26, 2019. Therefore, the Court concludes that the conditions to award sanctions in lieu of exclusion are satisfied.

d. *Appropriate Sanction*

Finding that exclusion is too drastic a sanction and the Court has discretion to award alternative sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court next determines the

appropriate sanctions tailored to the facts of this case. First, Defendant's late disclosure of the November 7, 2017 Emails partly prejudiced Plaintiff because Plaintiff lacked the ability to perform discovery as to the evidence. In hearing, when questioned regarding the necessity of additional discovery, Plaintiff noted that he required additional time to perform discovery as to the authenticity of the emails. The Court agrees and determines opening discovery is appropriate. See Vaughn, 542 F. Supp. 2d at 1338.

Next, the Court concludes Plaintiff's remaining prejudice suffered is attributed to expenses incurred, and still being incurred, resulting from Defendant's omission of the November 7, 2017 Emails during discovery. Therefore, reimbursement of reasonable expenses pursuant to Rule 37(c)(1)(A) is an appropriate sanction. See In re Delta, 846 F. Supp. 2d at 1358–59; Vaughn, 542 F. Supp. 2d at 1338. Prior to the hearing, the Court asked Plaintiff to submit evidence of attorneys' fees related to its motion pursuant to Rule 37(c)(1). In the hearing, Plaintiff referenced other expenses caused by Defendants' tardy disclosure. To give Plaintiff the opportunity to assert all reasonable expenses caused by Defendant's Rule 26 violation, the Court refrains from deciding the proper amount of the sanction and will address the issue at a later time as directed below.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion pursuant to Federal Rule of Civil Procedure 37(c)(1) (Doc. 32) is **GRANTED IN PART, DENIED IN PART,** and the Court **RESERVES JUDGMENT IN PART.** Discovery shall open for a period of **thirty (30) days** from the date of this Order to allow Plaintiff to examine the authenticity of the November 7, 2017 Emails. Following the expiration of the thirty-day discovery period, Plaintiff shall have **fourteen (14) days** to submit appropriate filings related to Defendant's motion for summary judgment. Defendant shall respond accordingly.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to monetary sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1)(A). The Court **RESERVES JUDGMENT** as to the proper amount. After the close of the additional discovery period, Plaintiff shall have **sixty (60) days** to submit his brief showing reasonable expenses incurred, with all necessary supporting evidence, caused by Defendant's failure to disclose the November 7, 2017 Emails. Defendant shall respond as necessary. Local Rules 7.5 and 7.6 shall govern the briefing scheduling for response and reply briefs to additional filings contemplated in this Order.

**ORDER ENTERED** at Augusta, Georgia, this _10th_ day of June, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA